UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Antonio Crawford,

        Plaintiff,                              Case Number: 22-11640
                                                            Honorable Sean F. Cox

v.

MDOC Transportation Department, et al.,

        Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**

      Plaintiff Antonio Crawford, a state prisoner at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff alleges violations of his rights under the First, Fifth, and Eighth Amendments based on the loss of his legal materials. He names two defendants, MDOC Transportation and LCF Property Officer, in their personal capacities. For the reasons given below, the Court will dismisses the complaint with prejudice.

**I.**        **Factual Allegations**

      Plaintiff's complaint concerns the loss of legal materials. He states that in April 2020, he contracted Covid-19 and was transferred from the Lakeland Correctional Facility (Lakeland) to the Carson City Correctional Facility (Carson City). Plaintiff's legal paperwork was also packed for transfer to Carson City. Plaintiff maintains that, according to Michigan Department of Corrections' (MDOC) policy, his property should not have been transferred to Lakeland. The legal papers were not received at Carson City

and, when he returned to Lakeland in June 2020, his legal paperwork could not be located.

## II. Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

2

immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**III. Discussion**

    **A. Eleventh Amendment Immunity**

Plaintiff names the MDOC Transportation Department as a defendant. The Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate state

sovereign immunity when it passed § 1983. *Chaz. Construction, LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).

As named in this complaint, the Transportation Department is an entity within the MDOC and, therefore, entitled to Eleventh Amendment immunity. Plaintiff fails to state a claim against this defendant.

### B. Access to the Courts Claim

Plaintiff alleges that the loss of his legal property violated his right of access to the courts. The lost property concerned his state-court post-conviction appeals to the Michigan Court of Appeals and Michigan Supreme Court. Plaintiff maintains that the lack of access to legal materials caused the state courts to deny him leave to appeal.

Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have an affirmative duty to protect. *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977), abrogated on other grounds by *Lewis v. Casey*, 513 U.S. 343, 351 (1996). A prisoner's right of access to the courts includes the right to directly or collaterally challenge a conviction or sentence and to challenge the conditions of confinement. *Casey*, 518 U.S. at 349; *see also Crutcher v. Colombo*, No. 21-1116, 2021 WL 6803114, at *2 (6th Cir. Nov. 29, 2021) (holding that the right of access to the courts "extends to the pursuit of state-court collateral attacks on convictions").

To prevail on a § 1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *Lewis*, 518 U.S. at 351. Examples of actual prejudice include

having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *Id.* at 353. Additionally, a plaintiff must allege that the denial of access to the courts was the result of intentional conduct. *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003). "To state a claim under § 1983, a plaintiff must allege acts that are intentional; negligence will not suffice." *Crutcher*, 2021 WL 6803114, at *3 (citing *Gibbs v. Hopkins*, 10 F.3d 373, 379 (6th Cir. 1993)).

Plaintiff fails to allege facts which support a finding that the loss of his legal materials resulted from defendants' intentional acts as opposed to negligence. He thus fails to state a denial of access to the courts.

    **C.**    **Due Process Claim**

Plaintiff also claims that the destruction of his legal property violated his right to due process. This claim does not entitle him to relief.

The negligent or intentional deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong. *Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981) (ruling that negligence does not amount to a "deprivation" implicating due process) (overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327, 328 (1986)). To maintain a §1983 action "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Plaintiff

has not alleged or shown that Michigan's judicial remedies are inadequate or that it would be futile to present his claim in the Michigan state courts. He has an adequate remedy in the state courts. *See Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995). Thus, Plaintiff fails to state a claim upon which relief may be granted under § 1983.

### D. Eighth Amendment Claim

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. Plaintiff alleges that destruction of his legal property amounted to cruel and unusual punishment. (ECF No. 1, PageID.5) None of the alleged conduct involves the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). Accordingly, Plaintiff has failed to plead any facts to support an Eighth Amendment claim for cruel and unusual punishment.

## IV. Conclusion

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted. Accordingly, the Court **DISMISSES** Plaintiff's civil rights complaint. The Court also concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: October 17, 2022

I hereby certify that a copy of the foregoing document was served upon counsel and/or

the parties of record on October 17, 2022, by electronic and/or ordinary mail.

                                                 s/J. McCoy
                                                 Case Manager